STATE ex rel. JAMES H. ROBINSON, Petitioner, v. ALONZO THOMPSON, STATE AUDITOR, Respondent.

*Education— Officer.*—By the terms of the Constitution, Art. V., § 8, all officers appointed by the Governor to fill a vacancy, unless otherwise provided by law, were to hold their offices until their successors were duly elected, or appointed ,and qualified. By virtue of this provision, the Superintendent of Public Instruction was continued in office until his successor was appointed or elected, and qualified.

*Knox & Smith*, for petitioner.

*Krum, Decker & Krum*, for respondent.

*Petition for Mandamus.*

HOLMES, Judge, delivered the opinion of the court.

This was a petition for a *mandamus* upon the State Auditor, to require him to allow and draw his warrant on the State Treasurer for the amount of salary due the petitioner as Superintendent of Public Instruction, for the quarter ending April 1, 1866.

The reason shown by the return of the respondent for refusing to allow this account was, that he supposed that the office of the petitioner had expired on the first day of January, 1866, and consequently that he was not entitled to any salary for the quarter claimed, and that there was no law making an appropriation on which such warrant could be drawn. This view was based upon the construction which it was supposed ought to be given to the act of the General Assembly, approved February 20, 1865, creating that office.

This view of the matter cannot be sustained. The first section of the act creates and establishes the office of Superintendent of Public Instruction. No limit is prescribed to its duration. By the second section, the duties formerly belonging to the Superintendent of Public Schools were devolved on this officer until the school laws should be revised by the Legislature. By the third section, the office is to be filled by appointment of the Governor, and the person to be appointed under the act was to hold his office until the first day of January, 1866. If nothing more had been done, the term of office of this person would have expired by limitation on that day, and the office established by the first section of the act would have become vacant. But the Constitution expressly ordained that, in the absence of any contrary provision (that is, in this Constitution), all officers then appointed should hold office during their official term, and until their successor should be duly elected, or appointed, and qualified. There is scarcely any room for doubt that this provision continued this officer in his office until his succes-

sor should be duly appointed and qualified. But for this provision, the office would have become vacant on the day limited ; and then it would have devolved on the Governor to fill the vacancy by appointment, under § 8 of Art. V. of the Constitution, as in a case not otherwise provided for by law. The office created by the act exists until the act is repealed. The expiration of the tenure of the first appointee could only create a vacancy. The appointment is to be by the Governor, and the salary was to be at the rate of three thousand dollars a year. These provisions remain in force until they are repealed; no limit is put upon their duration by the act itself. Until otherwise provided by law, the office could have been held at the will of the Governor. When the plaintiff's successor was duly appointed and qualified, his term expired, and not before. We are of opinion that he was entitled to the salary.

A *mandamus* will be ordered. Judge Wagner concurs; Judge Lovelace absent.