Cutler v. town of Russellville.

CUTLER VS. TOWN OF RUSSELLVILLE.

40    105
d87    391

1. MUNICIPAL CORPORATIONS : *Passage of Ordinances, &c.*
Under the Act of 1875, for the organization of Municipal Corporations, unless the yeas and nays be called ánd recorded on the passage of an order or resolution of the Council for making a contract, it will be void.

ERROR to *Pope* Circuit Court.

HON. W. D. JACOWAY, Circuit Judge.

*W. C. Ford* for Plaintiff in Error.

The answer does not allege that the town Council failed to vote to authorize the Mayor to make the contract but merely that the yeas and nays were not called and recorded. The authority was derived from the vote and not the calling and recording the yeas and nays. It was the duty of the Recorder to amend the record acording to the facts. 1 *Dill. on Mun. Corp., Sec.* 233 *and note.* If out of office the corporation should have supplied the omitted record, *Ib.,* and mandamus would lie to compel them. *Ib., note to Sec.* 350. The omitted record might have been shown by parol. *Ib., Sec.* 236 *to* 238. See also Acts 1874, Sec. 27 and 42, and *Dill. on Mun. Cor. Sec.* 227, *note* 1 and *Bank vs. Dandridge,* 12 *Wheat.* 64, also *Dillon M. C. Edn. of* 1881, *Sec.* 925, *et seq. and notes.*

SMITH, J.   The plaintiff in error, as the assignee of the Davenport Pump Company, sued the town of Russellville for the price of a fire engine and fixtures. The contract of sale was in writing, signed by the Company and Mayor of the incorporated town. It contained a warranty that the engine with eight or ten men at the breaks, no wind interferring, would throw a stream of water one-half to five-eighths of an inch in diameter to the distance of seventy-five to one hundred feet and to a height of forty to seventy feet through two hundred feet of hose. And

the defendant in error purchased upon condition that the engine should perform service according to this warranty. On arrival the engine was tested and its performance not being satisfactory, the company was informed that the town would not go forward with the contract and that the engine was subject to the company's orders.

The defences to the action were: 1st. That when the resolution was adopted, empowering the Mayor to negotiate for the purchase of a fire engine, the yeas and nays were not called and recorded; and, 2nd, That the engine failed to throw such a stream of water as it was warranted to throw.

Upon the trial, the jury were charged to find for the defendant if they believed from the evidence that the town council in passing the order directing the Mayor to enter upon this negotiation had not caused the yeas and nays to be called and recorded and if no other order had been passed entering into a contract with the Pump Company.

The verdict was in favor of the defendant, and as the minutes of the council fail to show who voted for or against the proposition to purchase the engine, that verdict must stand if the instruction on this point was correct, without regard to the second issue. If there was no valid contract between the parties, it is superfluous to inquire whether its terms have been complied with.

Section 29 of the Act of March 9, 1875, for the incorporation, organization and government of municipal corporations enacts that "on the passage of every by-law or ordinance, resolution or order to enter into a contract, by any council of any municipal corporation, the yeas and nays shall be called and recorded; and to pass any by-law or ordinance, resolution or order, a concurrence

Cutler v. town of Russullville.

of a majority of the whole number of members elected to the council shall be required."

The Supreme Court of New York in *Striker vs. Kelley,* 7 *Hill* 29, (Bronson, J. dissenting,) construed a similar provision to this in a city charter to be directory merely, notwithstanding the use of the word "shall;" "the essential requisite being the determination of the corporation and not the form or manner of expressing that determination."

And this case was affirmed in error. 3 *Denio,* 323.

But the weight of authority and the better opinion seems to be that such a requirement is designed to accomplish an important public purpose; and hence cannot be regarded as immaterial, nor its observance dispensed with. The purpose as stated by Judge Cooley, in *Steckert vs. East Saginaw,* 22 *Mich.* 104, is to make the members of the council feel the responsibility of their action when important measures are before them, and to compel each member to bear his share in the responsibility, by a record of his action which should not afterwards be open to dispute. See also *Morrison vs. Lawrence,* 98 *Mass.* 219; *Delphi vs. Evans,* 36 *Ind.,* 90; *McCormick v. Bay City,* 23 *Mich.* 457.

This is also the view that is approved by Judge *Dillon,* in his work *on Municipal Corporations, Sec.* 291 (229).

It may savor of subtilty and excessive refinement to apply to the proceedings of municipal councils the principles which govern Courts in determining whether laws have been passed in accordance with constitutional requirements. But every town council is a legislature in minature, and whatever absurdity there is in the doctrine belongs to the Statute itself and not to the construction placed upon it by the Courts.

Affirmed.