THE STATE EX REL. STEVENSON v. SMITH, *Auditor of the City of St. Louis, Appellant.*

Constitutional Law : INCREASE OF SALARY DURING TERM : TERM OF OFFICE. The salary of the assessor and collector of water rates of the city of St. Louis, whose term of office is for " four years and until his successor shall have been duly appointed and qualified," cannot be increased during the term for which he was appointed. And the time he holds over the designated period of four years is as much a part of the term of his office as that which precedes the date at which the new appointment should be made, and no increase of salary made during his term can be allowed him for such time so held over. Const. 1875, Art. 14, sec. 8 ; Scheme and Charter, R. S., p. 1587, par. 8, p. 1627, sec. 17.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Leverett Bell* for appellant.

The relator's term of office was for four years and until his successor shall have been duly appointed and qualified. The constitution provides that : "The compensation or fees of no state, county, or municipal officer, shall be increased during his term of office." The city charter of St. Louis provides that the salary of no officer shall be changed during the term for which he he is elected or appointed. R. S., p. 1587, par. 8. Nor shall it be increased during such term. R. S., p. 1627, sec. 17. "The doctrine now well settled in this state is that an officer elected or appointed to hold for a definite period of time, and until his successor shall be duly elected and qualified, holds his office for the specified term, and if no successor be elected or appointed at the expiration of the time, his term of office continues until such appointment or election, and that the time during which he holds, after that specified time has expired,

The State ex rel. Stevenson v. Smith.

:and until a successor is elected and qualified, is as much :a part of his term of office as the preceding time." *Savings Bank v. Hunt*, 72 Mo. 601; *State v. Lusk*, 18 Mo. 333; *State v. Thompson*, 38 Mo. 192; *Long v. Seay*, 72 Mo. 648.

*John D. Stevenson pro se.*

(1) The words "until his successor is appointed and qualified," do not extend the term of officers; they were designed and intended to prevent an official "hiatus," that the duties of the office should still be performed though the term of office of the incumbent had terminated. *State v. Howe*, 25 Ohio St. 588; *People v. Tilton*, 37 Cal. 614. (2) Term of office is held to be "a fixed and definite period of time." 3 Ky. (Metcalf), 207, and cases cited.

BLACK, J.—The relator was duly appointed and commissioned assessor and collector of water rates for the city of St. Louis in 1879, for the term of four years expiring on the third of April, 1883. At the time of his appointment his salary was fixed by ordinance at twenty-four hundred dollars per annum, payable monthly. By ordinance, approved March 28, 1883, the salary of the same office was increased to three thousand dollars a year. This ordinance took effect April 8, 1883. A new appointment was not made on April 3, 1883, and relator continued to discharge the duties of the office. For the month beginning April 3, 1883, his salary was duly paid at the rate of twenty-four hundred dollars per annum. He claims he should have been paid at the rate of three thousand dollars per annum, and by this proceeding seeks to require the auditor to audit his account for the difference for that month, being $38.33.

Section eight, article fourteen, of the state constitution, provides: "The compensation or fees of no state, county, or municipal officer, shall be increased during his term of office," etc. The charter of the city of St.

Louis is to the same effect, and it also provides that the salary of no officer shall be changed during the term for which he is elected or appointed. Sec. 17, p. 1627, and par. 8, p. 1587, Vol. 2, R. S., 1879. Indeed the third section of the ordinance, increasing the salary, provides that the salary thereby fixed shall be payable after the expiration of the term of office of the then incumbent. The assessor and collector of water rates is appointed by the mayor, confirmed by the council, and must give bond. R. S., secs. 7 and 8, p. 1612. Section two, article four, of the charter, provides that "the mayor shall appoint the following officers· who shall hold their offices for four years and until their successors shall have been duly appointed and qualified." The assessor of water rates is one of the officers named. It is unnecessary to consider section five, article fourteen, of the constitution, or section 3330, Revised Statutes, further than to say that the provisions of the charter quoted are in accord with them. The result, therefore, is that the relator's compensation could not be increased during the term for which he was appointed; and that by law his term of office was for four years and until his successor was appointed and qualified.

Where an officer, especially a public officer, thus holds his office for a defined period and until his successor is appointed and qualified, a failure to appoint a successor at the end of the defined period, does not work a vacancy. *State ex rel. v. Lusk*, 18 Mo. 333. The incumbent holds until the successor is elected or appointed and qualified, and it is then, and not until then, that his term expires. *State ex rel. Robinson v. Thompson*, 38 Mo. 192; *State ex rel. v. Ranson*, 73 Mo. 94; *Bank v. Hunt*, 72 Mo. 597, For his acts during the time he thus holds over, without any new appointment, he and his sureties are liable on his official bond, given at the date of the qualification. *Long v. Seay*, 72 Mo. 648; *State ex rel. v. Kurtzeborn*, 78 Mo. 99. It is true the law by which the relator was appointed fixed the term of office at four

years, and contemplates that at the expiration of that time a new appointment will be made, but the same law also contemplates that the appointing power may not be promptly exercised, and to prevent a vacancy the incumbent is made to hold over until such appointment is made. This is a contingency contemplated by the law, and enters into every such appointment, and the time he holds over the designated period is as much a part of the term of his office as that which precedes the date at which the new appointment should be made. We have seen this is so for all purposes of holding the office, and in suits against the officer and his sureties on his official bond, and it must also be true with respect to the emoluments of the office. To hold as is contended by the relator, viz: that after April 3, 1883, he administered the office, not as a part of his own term, but as a part of the term of his successor as to compensation, is to make a distinction without any substantial basis upon which it can rest.

The judgment of the court of appeals awarding a peremptory writ of mandamus is reversed. The other judges concur.