STATE OF MISSOURI, EX INF. RUBY M. HULEN, PROSECUTING ATTORNEY, EX- REL. EMMETT MCDONNELL, INDIVIDUALLY AND AS MAYOR OF THE CITY OF COLUMBIA, MISSOURI, RESPONDENT, V. CLAUDE BROWN, APPELLANT.

STATE OF MISSOURI, EX INF., RUBY M. HULEN, ETC., RESPONDENT, V. J. E. BARNETT, APPELLANT.

Kansas City Court of Appeals. June 15, 1925.

1.—Officers—Where Office is For a Definite Period, and Until Successor Qualifies, Failure to Appoint Successor at End of Such Period Does Not Work a Vacancy. Where a public officer is elected or appointed to hold office for a definite period, and until his successor is appointed or elected and qaulified, failure to appoint or elect a successor at the end of such period does not work a vacancy.

2.—Municipal Corporations—Mayor pro tem held authorized to Call Extra Council Session to Confirm Appointment of Officers. Under section 8281, Revised Statutes 1919, where mayor of city of Columbia was absent, president of council, acting as mayor pro tem, had authority to call extra session to confirm appointment of officers.

3.—Same—Whether There Existed Necessity for Calling Extra Session of Council Will Not be Inquired into. Under section 8234, Revised Statutes 1919, an increase of salary could not be taken advantage of by incumbents, and whether or not there existed an extraordinary occasion for calling an extra session of council for reappointment of officers, during absence of mayor from city, will not be inquired into.

4.—Same—Where Ordinance Required Appointments to be Confirmed by Ballot of Council, a Viva Voce Vote of Confirmation Held Invalid. Where ordinance required appointments by mayor to be confirmed by a majority of members of council by ballot, a viva voce vote of council confirming appointments held a nullity.

5.—Same—Acceptance by Officers of Subsequent Appointments Which Were Void Held Not a Relinguishment of Rights Under Former Valid Appointments. Where officers were appointed for one year, and until successors were appointed and qualified, their acceptance of second appointments, which were void because not confirmed by ballot vote of council, held not a relinquishment of rights under former appointments.

*Corpus Juris-Cyc. References: Municipal Corporations, 43CJ, p. 618, n. 86; p. 859, n. 25; p. 860, n. 42. Officers, 29Cyc, p. 1400, n. 40.

Appeal from Circuit Court of Boone County.—Hon David H. Harris, Judge.

REVERSED.

*McBaine & Clark, Jas. E. Boggs,* and *Paul M. Peterson* for appellants.

*Harris & Price* and *W. M. Dinwiddie* for respondents.

ARNOLD, J.—These are *quo warranto* proceedings to remove appellants from the offices of chief engineer and secretary, respectively, of the water and light department of the city of Columbia, Boone County, Mo. It was stipulated by relator and respondent in the two cases that the bill of exceptions, including the transcript of the evidence, the agreed statement of facts offered in evidence, exceptions to the rulings of the court, motions filed and rulings thereon, together with all the proceedings in each case, may be taken as and for the bill of exceptions in each, insofar as the matter shown therein should be applicable and that one joint bill of exceptions should be taken and filed in both cases.

In each case the action was instituted July 2, 1924, by information filed on the part of the prosecuting attorney of said county, to oust appellants from the respective offices of chief engineer and secretary of the water and light department of the city of Columbia. The water and light plant of the city is municipally owned, and by section 862 of the Revised Ordinances of said city for the year 1916, there was created the office of chief engineer of said department and by section 865, the duties of such officer are defined. Likewise under section 867 of said ordinances there was created the office of secretary of said department, and section 868 defines the duties of such secretary. The ordinances provide that each of said officers shall be appointed by the mayor, by and with the advice and consent of the council at the first meeting of the council in April each year, and that they shall hold their offices for a term of one year, or until their successors are duly appointed and qualified.

The information, in each case, sets out the necessary formal matters and then charges that appellants, on or about the — day of June, 1924, did unlawfully enter upon, usurp, use and exercise and from said date have continued unlawfully to usurp, use and exercise and do now unlawfully usurp, use and exercise the said office of chief engineer and secretary, respectively, of the water and light department of said city without any legal warrant, grant or right whatsoever; and that said appellants claim, or pretend to claim without legal warrant or right, said offices; and to have, use and enjoy the rights, privileges and franchises belonging and appertaining to the same, without legal warrant, grant or right, and in contempt of and to the great damage and prejudice of the authority of the State of Missouri and of the city of Columbia, and in contempt of the Mayor of said city, who alone has the right of appointment of said officers. Upon the filing of the information in each case, process was duly served.

On July 7, 1924, the appellants answered, each setting up his title and claim to the office; Brown by reason of his appointment thereto on June 4, 1923, by Emmett McDonnell, relator, while mayor of

said city, and also by reason of his appointment on June 12, 1924 by Graves, acting mayor as president *pro tem* of the council; and Barnett by reason of his appointment by James Gordon, mayor, on April 17, 1922, and also because of his appointment on June 12, 1924, by Graves, acting mayor as president *pro tem* of the council.

The cases were tried together on an agreed statement of facts. Columbia is a city of the third class, operating under statutory charter. In April, 1923, Emmett McDonnell, relator herein, was elected mayor of said city for a term of two years. Thereafter on the 4th day of June, 1923, he appointed Claude Brown chief engineer of the water and light department, the appointment was duly confirmed by the council and the appointee qualified. J. E. Barnett was appointed secretary of said department on April 17, 1922, by James Gordon, the duly elected and acting mayor of said city. Both of these appointments were made for periods of one year or until their successors were duly appointed and qualified. It is agreed that no successor to Barnett had been duly appointed and qualified, and it is claimed by appellant that Barnett was entitled to the office even though the appointment made June 12, 1924 was invalid.

In May, 1924, the city council passed an ordinance increasing the salary of the chief engineer to $275 per month, and that of the secretary to $200 per month, and after the measure was vetoed by the mayor, it was again passed by the council, over such veto. The charter under which the city was operating (sec. 8234, R. S. 1919) prevented the incumbents from taking advantage of the salary increase without a new appointment. On June 7, 1924, Mayor McDonnell left Columbia for a trip to Texas, and returned on the evening of June 13, 1924. In his absence F. L. Graves, president *pro tem* of the council, called a special meeting of that body for June 12, 1924, to act upon the appointment of chief engineer and secretary of the water and light department. Pursuant to a notice of said call all the councilmen were present, eight in number. At this meeting Graves appointed the incumbents, Claude Brown to be chief engineer and J. E. Barnett secretary of the water and light department, each for a period of one year and until their successors were appointed and qualified. A roll call on the confirmation of said appointments resulted in five councilmen *viva voce* voting aye and three similarly voting no. Graves, presiding, voted aye. On the following day both appointees took the oath of office required by law and a commission was issued to each signed by Graves as acting mayor. Barnett furnished the bond required of him, no bond being required of Brown under the law.

It is agreed that Brown, from the time of his first appointment in June, 1923, to the bringing of this suit, was actively engaged in the performance of the duties of his appointment; that he had not been

removed from office and that no other person had been appointed to said office. And the same is agreed as to Barnett from the time of his appointment by Mayor Gordon in April, 1922.

Upon the agreed statement of facts and the evidence introduced at the trial, the court entered a judgment of ouster against both appellants, therein declaring both offices to be vacant. Motions for new trial and in arrest were unavailing and these appeals were perfected.

The first charge of error presented on appeal attacks the propriety of the judgment of ouster in each case. It is insisted that the appointment of Brown on June 4, 1923, and of Barnett on April 17, 1922, entitled them to the rights and privileges of their respective offices until their successors should be duly appointed and qualified, and no successors having been appointed, the judgments of ouster were improperly entered. It is agreed that no successors have been appointed other than appellants and that in pursuance to those appointments, appellants duly entered into the performance of their duties, after having qualified; that they were performing such duties at the date of the trial, and that these appointments entitled them to hold the offices until their successors were duly appointed and qualified.

The law is well settled that where a public officer is elected or appointed to hold office for a definite period, and until his successor is appointed or elected and qualified, failure to appoint or elect a successor at the end of such period does not work a vacancy. [State ex rel. Lusk, 18 Mo. 333; State ex rel. Stevenson v. Smith, 87 Mo. 158.] It follows that the incumbent properly holds until his successor is elected or appointed and qualified, and it is then only that his term expires. [State ex rel. Robinson v. Thompson, 38 Mo. 192; State ex rel. v. Ranson, 73 Mo. 597.]

The law under which appellants were appointed fixed their terms of office at one year and contemplated that at the end of that time new appointments would be made. But since the appointing power might not be promptly exercised, to prevent a vacancy the law provided for the incumbents to hold over until their successors were appointed and qualified. This is a wise rule as applied to public officers, for thereby the public is protected from possible evils naturally attendant upon a situation wherein neglect and waste might result. This contingency, as contemplated by the law, enters into every such appointment, and it must be concluded that the time an incumbent holds over the designated period is as much a part of his term of office as that which precedes the date when the new appointment should be made. The authorities are uniform on this rule and we think there can be no question about it. This being true, the question arises as to the legality of the appointments made by Graves, acting mayor, on June 12, 1924. Appellants claim they are entitled

to the offices either as holdovers from the original appointments, or under the said appointments by Graves—that they are entitled to claim under either or both.

It is respondents contention that the appointments by Graves were invalid for the reasons (1) that Graves had no authority to call the meeting and make the appointments; (2) that the appointments were not confirmed by the council by ballot as required by ordinance; (3) that the appointments were not confirmed by a majority of the councilmen, as required by law.

Considering first the point that Graves was without authority to call a special meeting of the council to make these appointments, under the agreed statement of facts it is admitted that Graves was chosen by his fellow members of the council as president *pro tem* of that body and, as such, he was acting mayor while the regularly elected mayor was absent from the city. His authority so to act is derived from the provisions of section 8221, Revised Statutes 1919, applicable to cities of the third class, to which Columbia belongs, providing "in case of the temporary absence of the mayor or disability to perform the duties of his office, the president *pro tem* of the council shall perform the duties of the mayor until the mayor shall return or such disability be removed." This section also provides that "he may on extraordinary occasions, convene the city council, stating to them, when assembled, the object for which they are convened." It is evident from a reading of the statute and the ordinance that no limitations as to the duties of the mayor are set forth which the president of the council may not perform in such absence or disability. The right to call an extra session is given the president *pro tem,* under the ordinance. Whether or not there existed an extraordinary occasion for calling an extra session of the council will not be inquired into by this court. It is said by the Supreme Court in the case of Kansas City v. Liebi et al., 252 S. W. 404, 407:

"The propriety, expediency, and necessity of a legislative act are purely for the determination of the legislative authority, and are not for determination by the courts. That applies to a municipal ordinance authorized by statute. A legal presumption of its validity attends the ordinance under consideration, and if there is doubt as to its constitutionality we must hold it to be unconstitutional. [County Court of St. Louis Co. v. Griswold et al., 58 Mo. 175, loc. cit. 192, 193; State ex inf. v. Merchant Exchange, 269 Mo. 346, loc. cit. 356, 190 S. W. 903.] These fundamental principles should be stated now and then in view of the popular notion that courts go out of their way to nullify a legislative act."

See, also, *Ex parte* Tarling 241 S. W. 929, on the same point. These cases, we think, conclusively determine this question against respondent's contention.

It is also insisted that the appointments in question were not confirmed by the council by ballot, as required by the ordinances. Rule 32 of section 77 of the Revised Ordinances, 1916, entitled "Rules and Order of Business," provides: "When a nomination for office shall be made by the Mayor the council shall proceed to vote thereon by ballot; but no nomination shall be concurred in until it shall have been ratified by a majority of all the members elected to the Council."

By the agreed statement of facts it is shown that the vote of the council on the affirmance was, in fact, by *viva voce* vote. It is urged that this was not in conformity with the ordinance which requires a vote by ballot. Ballot is defined in Bouvier's Law Dictionary as: "Orginally a ball used in voting; hence a piece of paper, or other thing used for the same purpose; whole amount of votes cast." Webster defines the word: "The act of voting by ballot or ticket." "A ballot or ticket is a single piece of paper containing the names of the candidates and the offices for which they are running." [People v. Holden, 28 Calif. 136.]

In Lawrence v. Ingersoll, 88 Tenn. 52, 6 L. R. A. 308, 313, it is held, in effect that where a vote is required to be held by ballot *viva voce* vote by roll call is not sufficient. [See, also, State v. Harris, 52 Vt. 216.] In 28 Cyc. 334, the general rule is declared that where regulations prescribe the manner in which the vote of a body shall be taken, they are mandatory, and failure to comply therewith is fatal to any action taken; and that when a vote is required by ballot a *vivi voce* vote is not effectual. [Cutler v. Russellville, 40 Ark. 105; Steckert v. East Saginaw, 22 Mich. 104.] Since the ordinances of the city of Columbia require vote on confirmation to be by ballot, under the rules of law above cited we must hold the *viva voce* vote to confirm the appointment of appellants by Graves was a nullity.

Other points urged against the validity of the confirmation need not be considered.

This brings us to the remaining point presented for our determinations, to-wit: Are respondents entitled to hold offices as holdover appointees under appointments of which the legality is not questioned? We think the authorities uniformly hold that where an act creating an office provides that the incumbent shall hold until his successor is duly elected and qualified, the incumbent holds until the office is filled by someone else. This point was determined in State ex inf. v. Williams, 222 Mo. 268, and cases therein cited. In effect, it was held there that it was conceded the contender for the office had the right to rely on either appointment, and having conceded that his second appointment was invalid, could rely on his first appointment. Applying this rule to the case at bar, we have held the second appointments invalid, and it necessarily follows, under

the rule announced in the Williams case, appellants had the right to rely on the first appointments concerning the validity of which there is no denial. [State ex rel. v. Irey (Kans.), 225 Pac. 1050; Jones v. Roberts (S. Dak.), 131 N. W. 861; Territory v. Mann (N. Mex.), 120 Pac. 313.]

In State ex inf. v. Schweitzer, 258 S. W. 435, our Supreme Court held that when a vacancy occurs in the office of the prosecuting attorney for the St. Louis Court of Criminal Correction, one appointed by the Governor holds until the next regular election for said office and until his successor shall be elected and qualified. While this ruling was made in a special case, it applies generally. [See, also, State ex inf. v. Smith, 152 Mo. 512.] In the case at bar, the original appointments having been legally and properly made, appellants were entitled to hold thereunder until their successors were legally appointed and qualified.

It is urged by respondent that appellants, in accepting their second appointments at the hands of Graves, qualifying thereunder and assuming the duties of the offices, thereby relinquished all rights they might have had under the former appointments, and cannot now claim as holdovers. We think there is no merit in this contention. Appellants came into office in the first place by lawful authority and we have held the second appointments wholly void. They continued to exercise their rights under the former appointments; there was no releasing of their tenure; the tenure was continuous. [See cases above cited.]

We can but hold that there was no vacancy created in the tenure of appellants from their former appointments and the trial court erred in so ruling. The judgment of ouster is accordingly reversed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.