STATE ex rel. Gary E. STEVENSON,
Plaintiff-Relator,

v.

James C. KIRKPATRICK, Secretary of
State, and Vollie Hulsey, St. Francois
County Clerk, Respondents,

Joan Cox, Platte County Clerk, et al.,
Intervenors-Respondents.

No. 59529.

Supreme Court of Missouri,
En Banc.

May 21, 1976.

Rehearing Denied May 28, 1976.

David L. Mayhugh, Gary E. Stevenson,
Farmington, for relator.

Hugh C. Roberts, Jr., Farmington, John
C. Danforth, Atty. Gen., B. J. Jones, C. B.
Burns, Jr., Asst. Attys. Gen., for respondents.

Gary W. Fleming, Sedalia, Owens Lee
Hull, Jr., Platte City, for intervenors-respondents.

DONNELLY, Judge.

This is mandamus.

This cause arose as a result of an assertion by Relator of the right to be a candidate for election in 1976 to the office of Prosecuting Attorney of St. Francois County. At the general election in 1974, Hugh C. Roberts, Jr. was elected Prosecuting Attorney of St. Francois County, Gary W. Fleming was elected Prosecuting Attorney of Pettis County, and Owens Lee Hull was elected Prosecuting Attorney of Platte County. The county clerks of the three counties are parties to this cause.

When Roberts, Fleming and Hull were elected, St. Francois County, Pettis County and Platte County were third class counties. They became counties of the second class January 1, 1975.

The questions presented are: (1) whether Roberts, Fleming and Hull were elected for terms of two years or terms of four years; and (2), if the answer to (1) is that they were elected for terms of two years, whether elections should be held in 1976 for the office of prosecuting attorney in St. Francois County, Pettis County, and Platte County.

The controlling statute is § 56.010, RSMo Supp. 1973. It reads as follows:

"At the general election to be held in this state in the year A.D. 1880, and every two years thereafter, there shall be elected in each county of this state a prosecuting attorney, who shall be a person learned in the law, duly licensed to practice as an attorney at law in this state, and enrolled as such, at least twenty-one years of age, and who has been a bona fide resident of the county in which he seeks election for twelve months next preceding the date of the general election at which he is a candidate for such office and shall hold his office for two years, and until his successor is elected, commissioned and qualified; except that at the general election in 1974, and every four years thereafter, in counties of the first class not having a charter form of government, and in counties of the second class, the prosecuting attorney shall be elected for a term of four years."

We find no ambiguity in the statute and will not create one where none exists. We construe § 56.010, supra, to mean:

(1) that in all counties not excepted in § 56.010, supra, a prosecuting attorney shall hold office for two years;

(2) that prosecuting attorneys, elected in counties which were of the second class at the time of the *general election in 1974*, were elected to terms of four years;

(3) that prosecuting attorneys, elected in counties which were of the third class at the time of the *general election in 1974*, were elected to terms of two years;

(4) that prosecuting attorneys, elected in counties which were of the third class at the time of the *general election in 1974* and which became counties of the second class after the *general election in 1974*, were elected to terms of two years;

(5) that prosecuting attorneys, elected in counties which are of the second class at the time of the *general election in 1978*, and every four years thereafter, will be elected to terms of four years.

Respondent Secretary of State asserts that the above construction of § 56.010 is contrary to Section 8 of Article VI of the Missouri Constitution which provides that "[a] law applicable to any county shall apply to all counties in the class to which such county belongs." We do not agree. At the time of the *general election in 1974*, the date made determinative by § 56.010, supra, the counties involved here were third class counties.

Respondents Hulsey, Wilson and Cox cite the case of *State ex rel. Attorney General v. McGovney*, 92 Mo. 428, 3 S.W. 867 (1887). In *McGovney*, this Court held that a statute gave a county treasurer the right to hold over until April 1 of the year after the election of his successor, and held such statute constitutional. The *McGovney* case is not controlling here. There, the Court followed the "express provision * * * of the statute * * *." We do the same. "We have no right to read into * * * [§ 56.010] an intent which is contrary to the legislative intent made evident by the phraseology employed." *City of St. Louis v. Crowe*, 376 S.W.2d 185, 190 (Mo.1964).

We hold: (1) that Roberts, Fleming and Hull were elected at the general election in 1974 to terms of two years; (2) that elections for the office of prosecuting attorney should be held in 1976 in St. Francois County, in Pettis County, and in Platte County; (3) that each person elected in 1976 shall hold his office for two years, and until his successor is elected, commissioned and qualified; and (4) that at the general election in 1978, in St. Francois County, Pettis County, and Platte County (if at that time they are counties of the second class), and every four years thereafter (if at that time they are counties of the second class), the prosecuting attorney shall be elected for a term of four years.

Accordingly, the alternative writ is made permanent; the Secretary of State is directed to transmit on or before June 1, 1976, to the county clerks of St. Francois County, Pettis County, and Platte County, a notice, in writing, designating the office of prosecuting attorney as an office for which candidates are to be nominated at the primary election (§ 120.320, RSMo 1969); and

the county clerk of each such county is directed to thereafter comply with § 120.-330, RSMo 1969. Candidates may file declarations of candidacy (Cf. § 120.340, RSMo 1969, amended Laws 1974, p. 759) not later than June 25, 1976. No candidate's name shall be printed upon any official ballot at the primary election unless the candidate has by 5:00 p. m. on June 25, 1976, filed a written declaration of candidacy.

It is so ordered.

MORGAN, HOLMAN, HENLEY and FINCH, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

SEILER, C. J., dissents and concurs in separate dissenting opinion of BARDGETT, J.

The parties are notified that any motions for rehearing and suggestions in support must be filed in this court and served on opposing parties not later than May 27, 1976.

BARDGETT, Judge (dissenting).

I respectfully dissent. In my opinion there is no statutory authority for a county of the second class to elect a prosecuting attorney for a two-year term nor is there any authority found in section 56.010 that authorizes a county of the second class to elect a prosecuting attorney in any years other than 1974 and at four-year intervals thereafter.

The counties involved in this case were third-class counties at the time of the 1974 general election. Pursuant to 56.010, a prosecuting attorney was elected in each of these counties to "hold . . . office for two years, and until his successor is elected, commissioned and qualified; . . . ." In *State ex rel. Hulen v. Brown*, 274 S.W. 965 (Mo.App.1925), the court held at 967: "The law is well settled that, where a public officer is elected or appointed to hold office for a definite period, and until his successor is appointed or elected and qualified, failure

to appoint or elect a successor at the end of such period does not work a vacancy. *State ex rel. Lusk*, 18 Mo. 333; *State ex rel. Stevenson v. Smith*, 87 Mo. 158. It follows that the incumbent properly holds until his successor is elected or appointed and qualified, and it is then only that his term expires. *State ex rel. Robinson v. Thompson*, 38 Mo. 192; *State ex rel. v. Ranson*, 73 Mo. 78."

It is, therefore, my opinion that the prosecuting attorneys that were elected in 1974 in the counties involved in this case were elected for a term of two years but that such prosecutors would continue in that office until their successors were elected or the incumbent prosecutor died, resigned, or was ousted, for it would only be in those circumstances that a vacancy would exist. In my opinion, the next election authorized by statute for prosecuting attorneys in the counties involved in this case are the primary and general elections of 1978.

I would quash the writ of mandamus in this case and, therefore, I dissent.