## OGLESBY *v.* FORT SMITH.

### Opinion delivered December 16, 1912.

1. MUNICIPAL CORPORATIONS—RESOLUTION—CONTRACTS.—The requirement of Kirby's Digest, § 5473, that on the passage of a resolution the years and nays shall be recorded is met where a resolution is adopted by a yea and nay vote that a committee be authorized to employ an attorney.  (Page 511.)

2. SAME—CONTRACT—DELEGATED POWER.—Where a city council delegated to a committee the power to employ counsel to represent the city in employing an attorney, such committee was not impowered to delegate to another the authority to agree upon the amount of the attorney's fee, as, for instance, to agree that he should receive the same fee as would be paid to opposing counsel.  (Page 511.)

3. SAME—UNAUTHORIZED CONTRACT—RATIFICATION.—Before a municipal corporation can be said to have ratified the unauthorized act of a committee in agreeing to pay special counsel the same fee as would be paid the opposing counsel, it must be by the doing some act or accepting some benefit with knowledge of the facts concerning the transaction.  (Page 512.)

4. SAME—CONTRACT—RATIFICATION.—Where a committee employed plaintiff as an attorney and agreed to pay him the same fee that the adverse party would pay their attorney, which fee was not fixed by the adverse party until the end of the litigation, in the absence of information whether the value of plaintiff's services would be the same as that of the other attorney, the council could not have ratified the agreement further than by agreeing to pay a reasonable fee.  (Page 512.)

5. SAME—MUTUALITY OF CONTRACT.—An attorney employed by a city may, by agreeing to accept the same fee as the one to be paid by the adverse party to his attorney, legally bind himself, though the city would not be bound except for a reasonable fee, on the ground that no one was authorized to enter into the contract on its behalf.  (Page 513.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon*, Judge; affirmed.

*Ira D. Oglesby, pro se; W. B. Cravens*, of counsel.

1.  Section 5473 of Kirby's Digest does not prevent the city counsel from authorizing, without a yea and nay vote, a committee to employ an attorney, and such authority carries with it the power to agree with him as to his fee.  Such agreement, if made, is binding upon the city.  Dillon, Mun. Corp.,

§ 82; *Id.* p. 1199, § 802; 60 Tex. 522; 13 Cal. 531; 88 N. W. 981; 29 S. W. 880; 12 Kan. 426; 29 Ia. 282; Dillon, p. 1203, § 802; 17 N. Y. 584; 63 Pac. 804; 116 Ind. 15; 22 Mich. 104; 66 Ind. 396; 102 Ind. 372; 7 Cranch 299; 11 Ia. 506.

Where a contract is one which the corporation has the incidental power to make, independently of any statute, in order that it may execute powers expressly conferred, and carry out the purposes of its being, the rule that such contracts are not void merely because there is no written evidence of them, or because of the absence of some mere formality, is too firmly established to be shaken. 1 Ind. 281, 48 Am. Dec. 361; 61 Ind. 187; 63 Ind. 155, 182; 46 Ind. 380; 94 Ind. 305; 69 Ind. 273; 64 Ind. 319; 30 Vt. 285; 1 Dillon, Mun. Corp., § § 479, 463.

2. If the committee had no authority to agree with plaintiff that his fee should be the same as that paid by the water company to its attorneys, yet, if it made such agreement, and it was reported to or brought to the knowledge of the city council by the committee or by the attorney, and the council, without objection to such agreement, continued the attorney's services and received and accepted the benefits thereof, this constituted a ratification of the agreement, and is as binding as if made by the council. 103 Ind. 196, 53 Am. Rep. 504; 1 Dillon, Mun. Corp., § § 463, 464; 115 Ind. 234; 106 Ind. 129; 40 Tex. 170; 42 N. H. 125.

3. The adoption of the resolution of October 7, 1907, after appellant informed the council his fee would be the same as that paid by the water company to its attorneys, constituted, if not an express agreement, then an implied agreement to pay such fee, binding upon appellee, and under the testimony it is estopped from denying such liability. 17 N. Y. 450; 28 Cyc. 642; *Id.* 667; Smith on Contracts, § 228; 61 Atl. 471; 107 Fed. 349; 1 Dillon, Mun. Corp., § § 451-459; 42 N. H. 125; 63 Pac. 804; 12 Kan. 426; 31 S. W. 946; 73 N. W. 811; 101 Ill. App. 150.

*Vincent M. Miles,* for appellee.

In the case of a municipal corporation the statute with regard to contracts must be strictly construed. Such statute is its enabling act, and the only power to contract it has. 2

Cranch, 27; 157 Mass. 177; 26 N. J. L. 594; 41 N. J. L. 90; 77 N. Y. 130; 9 Neb. 358; 4 Neb. 350; 85 Pa. St. 379; 53 Cal. 247; 8 Col. 857; 110 Cal. 543; 179 Mass. 496; 82 Mo. App. 352; 219 Pa. St. 29; 20 Col. 33; 68 Tex. 565; 73 Mass. 12. There was never at any time any resolution passed by the city authorizing a committee to enter into any contract with appellant whereby appellee's opponent in the litigation should fix the amount of the compensation. So when, after his work for the city began, appellant made statements to the city council that he would charge such a fee, before the city could be bound by such a statement, some actions must have been taken by the council upon which a yea and nay vote was called. 40 Ark. 105; Dillon, Mun. Corp., § 291; 82 Ark. 531.

McCulloch, C. J. Many years ago the city of Fort Smith granted a franchise to a foreign corporation called the Municipal Waterworks Company, to establish and operate waterworks in the city for the purpose of furnishing water to the inhabitants. The contract contained a provision that the city should have an option to purchase the plant at the expiration of a stipulated period. Near the exp ration of that period the city council decided to exercise the option and purchase the plant; but a dispute arose between the city and the water company concerning the price to be paid, and it became necessary, as it was thought, to employ special counsel to assist the city attorney in the negotiations for the purchase and the litigation which might follow. Litigation did arise, and appellant, in association with the city attorney, acted as attorney for the city, both in the preliminary negotiations and in the litigation. He claims to have been regularly employed by an authorized committee of the city council, and that a verbal contract was entered into whereby he was to receive as compensation for his services the same fee which the water company should thereafter agree upon and pay to its attorneys representing it in the litigation. At the end of the litigation the water company and its attorneys agreed upon a fee of $25,000 for the latter's services, and that sum was paid. Appellant claimed that sum as his fee in the matter, and the city refused to pay it. This action was instituted by appellant against the city to recover the amount claimed. He alleged

in his complaint that he was employed by a committee of the city council duly authorized so to do; that the aforesaid basis for fixing the fee was agreed upon; that he performed the service as agreed; and that the city council, during the period of the negotiations and litigation with the water company, ratified the contract made with him by the committee. The city in its answer denied the employment of appellant; denied that the committee was authorized to employ him; and denied that the council ratified such employment or agreed in any way that appellent should be paid the same fee agreed on between the water company and its attorneys. It admitted that appellant acted as counsel for the city in the litigation, but alleged that the amount of the fee charged was unreasonable.

It appears from the testimony adduced at the trial that when the city council decided to exercise the option and purchase the water plant, a resolution was adopted, at the request of the special committee having the matter in charge, authorizing said committee "to employ an attorney to assist them in matters connected with the water company." The aye and nay vote on the adoption of the resolution was not taken and recorded. Subsequently, when the controversy with the water company arose concerning the matter of taking over the plant, a resolution was adopted by the city council, by an aye and nay vote duly recorded, providing that said special committee "be and it is hereby authorized, empowered and directed to contract with the said Municipal Water Works Company for the purchase of said plant, with full power, if the purchase price and terms of sale can not be agreed upon by said committee and said water company, to appoint arbiters as provided by ordinances and contracts now existing, and if said company declined to submit to arbitration the question involved, then to take such action in the courts or otherwise as may be necessary to purchase said plant, and to do any and everything incidental thereto as may be necessary to accomplish the purchase of and paying for said water works plant, and said committee are further authorized and empowered to employ, if in its judgment the interest of the city will be better protected and promoted, an attorney to assist the city attorney in the performance of the duties imposed by this resolution, including representing the city in all negotiations and con-

troversies which may arise in purchasing or attempting to purchase said plant, until same is fully and finally disposed of." The testimony further tends to establish the fact that said committee entered into a verbal contract with appellant to represent the city, and agreed that his fee should be the same as that agreed upon by the water company and its attorneys for their services in the same matter. During the progress of the litigation another resolution was adopted by the city council reciting the employment of appellant as attorney for the city and appropriating the sum of a thousand dollars "to pay the necessary expenses to be incurred in said suit and in taking the testimony for and against the city in said proceedings." Appellant and other witnesses testified that he was present when that resolution was adopted, and that, during the discussion upon its adoption, he stated to the members of the council that he would charge the same fee that the attorneys for the water company charged it for their services in the matter. The testimony tends to show that at other times during the progress of the litigation he informed the city council that he would charge the same fee that the water company and its attorneys might agree upon as to the latter's fee. He wrote a letter to the mayor, which was read in open council meeting, and in which he stated that "there is no agreement between the city and myself as to the fee to be paid me, further than that I am to receive the same amount as the water company pays its counsel."

Each party introduced testimony to show what was a reasonable amount of fee for appellant's services. The witnesses varied in their opinions as to the amount—some putting it as low as $7,500, and some as high as $30,000.

Appellant requested the court to give instructions submitting to the jury the issues as to the alleged agreement to pay the same amount of fee paid by the water company to its attorneys; but the court refused to so instruct the jury, and on its own motion gave instructions which in effect allowed the jury to return a verdict in appellant's favor only for an amount found under the evidence to be a reasonable and customary charge for the services rendered. The jury returned a verdict in appellant's favor for the sum of $17,500 and he appealed to this court. The city has not appealed.

Counsel on both sides have devoted much time in the argument to the effect to be given to the provision of the statute that "on the passage of every by-law or ordinance, resolution or order, to enter into a contract, by any municipal corporation, the yeas and nays shall be called and recorded; and to pass any by-law or ordinance, resolution or order, a concurrence of a majority of a whole number of members elected to the council shall be required." Kirby's Digest, § 5473. This court has held that provision to be mandatory. *Cutler* v. *Russellville*, 40 Ark. 105. But the view we take of the case renders it unnecessary for us to follow counsel through the argument as to the full effect of that statute on the issues presented. The city council, by an aye and nay vote duly recorded, adopted a resolution authorizing the committee to employ appellant; the committee employed him; he performed the service; and the city accepted it and received the benefits thereof. The trial court instructed the jury, without objection from the city's counsel in this case, that appellant was entitled to a reasonable fee for his services. The only controversy is, whether appellant is entitled to recover the same fee charged by the attorneys for the water company. It is not contended that the city made a contract with appellant fixing the fee or prescribing the basis for fixing it except through the special committee pursuant to the resolution hereinbefore set forth, or by ratification. The contention of appellant is that said resolution authorizing the committee to employ counsel included, by necessary implication, the authority to agree upon the amount of the fee to be charged, or to agree upon a basis for fixing the amount; and that, even if the committee exceeded its authority in that respect, the city, with full knowledge of the facts, ratified the contract made by the committee. The fallacy of the first contention lies in the assumption that the amount of the fee, or a basis for fixing the amount, was embraced in the alleged agreement. The effect of the agreement was, not to prescribe the amount of the fee or a basis for fixing it, but to make the amount of the fee depend upon another agreement thereafter to be made between the water company and its attorneys concerning the amount of their fee, and thus to delegate to the water company and its attorneys the power to fix the fee to be paid

by the city. The authority conferred by the city council could not be delegated by the committee to another. Conceding that the resolution adopted by the council included, by implication, the power to agree upon the amount of fee, the committee did not agree with appellant upon the amount of fee. It merely left the fee dependent upon the amount of fee to be charged by the attorneys for the water company. Citation of precedents is hardly necessary to sustain the proposition that such a power can not be delegated by the defendant in the absence of special authority to do so. That principle has been often announced and reiterated in decisions of this court. In the case of *Cheatham* v. *Phillips*, 23 Ark. 80, Judge ENGLISH gave it application to a public agent in the discharge of his duties.

Now, as to the alleged ratification by the city council. It is not shown that the amount of fee fixed by the water company and its attorneys was brought to the attention of the members of the council. The undisputed fact is, that the fee was not agreed upon until after the end of the litigation, and the members of the council could not have known what it would be. Nor is it shown that they knew whether or not the value of appellant's services would be the same as that of the other attorneys. In the absence of the information on that subject, the city council can not be deemed to have ratified the alleged agreement as to the method of fixing the amount of the fee. Before an individual, much less a public corporation, can be said to have ratified the unauthorized act of another, it must be by the doing of some act or the acceptance of some benefit with knowledge of the facts concerning the transaction. *Martin* v. *Hickman*, 64 Ark. 217; 2 Dillon's Municipal Corporations (5 ed.) § 797. At most, the council can be held only to have ratified the agreement as to a reasonable fee for appellant's services, and the jury, under instructions not objected to, have determined what the amount of a reasonable fee is, and have given appellant a verdict for that amount. In a well considered opinion by Judge FIELD, then Chief Justice of the Supreme Court of California, it was held that "a ratification is equivalent to a previous authority," and that "where an authority to do any particular act on the part of a corporation can only be conferred by ordinance,

a ratification can only be by ordinance." *McCracken* v. *San Francisco*, 16 Cal. 591.

If that doctrine be applied here, it would render invalid the alleged ratification by the city council except as to the obligation to pay appellant a reasonable fee for his services which the city had accepted.

It is contended that appellant would have been bound by the alleged agreement, even though the water company and its attorneys had fixed the amount at less than a reasonable fee, and that as the obligation was mutual the city was also bound. That does not necessarily follow. Appellant might, by his express promise, have legally bound himself not to charge more than the water company's attorneys charged their client, and yet the city not be bound except for a reasonable fee, on the ground that no one was authorized to enter into the contract.

We are of the opinion that, according to the undisputed facts in the case, the verdict of the jury fixing the amount of a reasonable fee, is decisive of the whole case, and that the judgment should be affirmed. It is so ordered.