NEWBOLD v. STUTTGART.

Opinion delivered November 1, 1920.

1. MUNICIPAL CORPORATIONS—MAJORITY OF COUNCIL TO PASS ORDINANCES.—Kirby's Digest, § 5473, requiring a majority of the members elected to a city council to pass an ordinance, an ordinance passed by less than that majority is void.

2. MUNICIPAL CORPORATIONS—READING OF ORDINANCES.—Kirby's Digest, § 5481, requiring by-laws or ordinances of a general or permanent nature to be read on three different days, is mandatory, and an ordinance passed in violation thereof is void unless two-thirds of the members composing the council dispense with the rule.

3. STATUTES—IMPLIED REPEAL.—If there is a conflict between §§ 5601 and 5473, Kirby's Digest, the latter section, being the last enactment on the subject, must control.

4. MUNICIPAL CORPORATIONS—ORDINANCES "OF GENERAL AND PERMANENT NATURE."—An ordinance purporting to extend the fire limits of a city is "of a general and permanent nature," within Kirby's Digest, § 5481.

5. INJUNCTION—ENFORCEMENT OF VOID ORDINANCE.—The mayor and chief of police of a city of the first class will be enjoined from enforcing a void ordinance extending the fire limits, and from preventing plaintiff from moving a house on a lot within such extended limits.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; reversed.

*J. E. Ray* and *Geo. C. Lewis,* for appellant.

1. The ordinance was void. It was not duly passed by a majority of the council, nor were the rules suspended requiring a reading on three separate days. K. & C. Dig., § 6502; 40 Ark. 17; Dillon on Mun. Corp. (5 ed.), § 530; 19 R. C. L. 891; 55 L. R. A. 614; 28 Cyc. 335; K. & C. Dig., § 6510.

2. Injunction the proper remedy. 35 Ark. 352; Dillon on Mun. Corp. (5 ed.), § 582; 142 La. 932; 4 Pomeroy, Eq. Jur., p. 4133, § 1777; 3 A. L. R. 955.

*Geo. M. Chapline,* for appellees.

The chancery court had no jurisdiction. The validity or invalidity of an ordinance is purely a legal question. 22 Cyc. 892; 98 Ark. 524-5.

WOOD, J. The appellant instituted this action against the appellees, the city of Stuttgart, its mayor and chief of police, to enjoin them from enforcing an ordinance purporting to extend the fire limits of the city. The appellant alleged that the appellee city is a city of the first class, its council consisting of six members; that when the ordinance in question was attempted to be passed five aldermen were present; that the mayor and one alderman were absent; that one of the aldermen was chosen to preside and did not vote, and that of the remaining four aldermen three voted for the ordinance and one voted against it; that the rule requiring an ordinance to be read on three different days was suspended, three aldermen voting for and one against such suspension; that the ordinance was read three times at that session and was declared passed on the vote as above recited; that the ordinance, as thus passed, extended the fire limits of the city so as to embrace a lot which the appellant had leased for a period of five years; that the appellant was the owner of a frame building beyond the fire limits of the city, which he was attempting to move to the lot above mentioned in order to continue his business there; that he had partially moved the building on to the lot when Hammond, as mayor, and C. C. Mc-

Alester, as chief of police of the city, pretending to act under the purported ordinance, prevented him from moving his building on to the lot before mentioned. Appellant alleged that the value of the building was $1,000; that he was unable to continue his regular business and occupation, as he desired to do; that, unless the appellees were restrained from interfering with the placing of his building on the lot mentioned, appellant would suffer great and irreparable injury, not susceptible of compensation by an action at law; that appellant had already been arrested and fined under the purported ordinance.

The above are substantially the allegations of the complaint, the prayer of which was for a perpetual injunction.

The appellees demurred to the complaint on the ground that it did not state a cause of action. The court sustained the demurrer. The appellant stood upon his complaint. The court thereupon entered a decree dismissing the same for want of equity, from which decree is this appeal.

Two questions are presented. First, was the purported ordinance valid? Second, if not valid, did appellant nevertheless have a complete and adequate remedy at law?

1. Section 5473 of Kirby's Digest concludes as follows: "To pass any by-law or ordinance, resolution or order, a concurrence of a majority of the whole number of members elected to the council shall be required." The above section was· a part of section 29 of the act of March 9, 1875.

Section 5481 of Kirby's Digest provides in part as follows:

"All by-laws and ordinances of a general or permanent nature shall be fully and distinctly read on three different days, unless two-thirds of the members composing the council shall dispense with the rule." The above section was a part of section 86 of the act of March 9, 1875.

The purported ordinance was passed in violation of these statutes, and it is therefore void. The provisions of the above statute are mandatory. 1 Dillon's Municipal Corps., §§ 530-576; 19 Rul. Case Law, p. 891; see also, 11 McQuillin's Municipal Corp., § 607; *Cutler* v. *Russellville,* 40 Ark. 107; *Oglesby* v. *Fort Smith,* 105 Ark. 506-511.

Section 5601 of Kirby's Digest provides as follows: "The aldermen elected for each city shall annually on the next Monday after their election assemble and organize the city council; a majority of the whole number of aldermen shall be necessary to constitute a quorum for the transaction of business."

The above section, as well as sections 5602 and 5603, correspond to section 3274 of Gantt's Digest.

It is unnecessary for us to determine in this action whether or not section 5601, *supra,* is in conflict with section 5473 of Kirby's Digest, for, if there be conflict, section 5473, being the last enactment on the subject, must control. Likewise section 5481, *supra,* is the last enactment on the subject, and is the statute applicable to this ordinance. Under section 5481 of Kirby's Digest, it requires two-thirds of the members composing the council, that is those who are elected to the council, to dispense with the law requiring all by-laws and ordinances of a general or permanent nature to be fully and distinctly read on three different days. The purported ordinance was one of a general and permanent nature.

2. The next question is: Has the chancery court jurisdiction? In attempting to enforce the invalid ordinance, the appellees were interfering with the appellant's property rights. In the absence of a valid ordinance prohibiting it, he had a right to move his house upon the lot, which he had leased and to pursue his avocation, which was a lawful one, in his own way without interference from the appellees. The appellees had no right to cause him to abandon this location for another, or to prevent him from following his business on the lot he had selected for that purpose. *Local Union No.* 313 v.

*Stathakis,* 135 Ark. 89-93. Their interference with his rights was in the nature of a continuing trespass, for which the appellant had no complete and adequate remedy at law. 4 Pomeroy's Equity Jurisprudence, sections 1338, 1357.

In a note to the latter section it is said: "The legal remedy is not adequate simply because a recovery of pecuniary damages is possible. It is only adequate when the injured party can, by one action at law, recover damages which constitute a complete and certain relief for the whole wrong—a relief virtually as efficient as that given by a court of equity." See, also, 22 Cyc. 891. See, also, 4 Pom. Eq. Jur. § 1777; 2 Dillon, Mun. Corp., § 582.

The decree is therefore reversed and the cause is remanded with directions to enter a decree perpetually enjoining the appellees as prayed in appellant's complaint.