City of Highland Park, Defendant in Error, v. Rhynaldo Calder and Hannah Calder, Plaintiffs in Error.

Gen. No. 8,482.

256

Opinion filed October 18, 1932. Re-hearing denied and opinion modified February 16, 1933.

RICHARD H. C. MILLER and HALL & HULSE, for plaintiffs in error; ALBERT L. HALL, MARSHALL MEYER and RICHARD H. C. MILLER, of counsel.

ERNEST S. GAIL, Corporation Counsel, for defendant in error; PAUL C. BEHANNA, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The City of Highland Park is a municipal corporation in Lake county, Illinois. It filed a bill in the circuit court of Lake county for an injunction seeking to enjoin the defendants from using certain property belonging to them in a manner alleged to be in violation of the zoning ordinances of the City of Highland Park, and also seeking to have certain buildings on said premises torn down and to have a certain business that was conducted on said premises discontinued.

The defendants filed a general demurrer to the bill which the court overruled and they were ruled to answer. The defendants filed their answer admitting certain allegations of said bill and denying others. They say among other things that said property was

acquired by them; and that it is beyond the corporate limits and jurisdiction of the City of Highland Park; that said zoning ordinance and amendments thereto have no application to the defendants' property; that defendants had established a nonconforming use of their property and that no attempt has ever been made to prosecute the defendants for the alleged violation of said zoning ordinance.

The case was referred to the master in chancery to hear the evidence over the objection of the plaintiffs in error, who then insisted and now insist that they were entitled to a trial by the jury. The master filed his report to which the original complainant filed objections. The objections were overruled by the master and were ordered to stand as exceptions to his report. On a hearing before the chancellor the exceptions to the master's report were sustained and the court ordered both a restraining and mandatory injunction against the defendants as prayed for in the bill of complaint and taxed the cost against the defendants. The case is brought to this court for review, and many reasons are assigned and argued for a reversal of the order and decree entered by the chancellor.

The chancellor, in the decree entered in the original case, made a finding of fact, which we quote, and which is as follows:

"FIRST: That the complainant, the City of Highland Park, is and at all times has been a municipal corporation duly organized and existing under and by virtue of the laws of the State of Illinois and has lawfully and legally adopted the commission form of government and has since the 27th day of October, 1924, duly operated under said commission form of government; that the said complainant did on, to-wit, the 24th day of March, 1922, lawfully pass and adopt the ordinances and amending ordinances set forth in the bill of complaint and at the date of the filing of said

bill said ordinances were and are at the date hereof in full force and effect; that by ordinance passed, approved and legally adopted on the 21st day of March, 1924, the premises described as Lot Forty-four (44) in Block One (1) in First Addition to Ravinia Highlands, situated in the County of Lake, in the State of Illinois, were annexed to and became a part of the said City of Highland Park and ever since has been and is within the corporate limits of said city; that by virtue of the said ordinances the aforesaid described premises in question became and were restricted and designated by said ordinances as 'A' residence districts and the uses to which said premises in question were restricted are set forth in the said ordinances and appear in the bill of complaint.

"SECOND: That the defendants on, to-wit, the 24th day of March, 1924, under a certain written contract for the purchase of said premises, dated the 24th day of March, 1924, entered into the possession of the aforesaid described premises and were at the time of the filing of the bill of complaint and are at the date hereof, living upon said premises and that the said premises consist of a lot with a frontage of fifty (50) feet on a public street, with a depth of five hundred (500) feet, the rear of said lot being about one hundred (100) feet in width, which was vacant and unimproved at the time the said defendants took possession thereof.

"THIRD: That at the time of the acquisition by the said defendants of said property on the 24th day of March, 1924, the said defendants acquired the same subject to the limitations and restrictions contained in the aforesaid ordinances of the City of Highland Park.

"FOURTH: That shortly after taking possession of said premises said defendants filed with the Building Inspector of the City of Highland Park plans for the construction of a two story dwelling house on said

lot and asked and received from such Inspector a building permit for the construction of such dwelling based on such application and thereafter the said defendants proceeded to construct such building under said permit; that no building has ever been constructed on said lot in accordance with said plans or in substantial accordance therewith; that only the basement walls were completed and that the said defendants roofed over the said basement with a flat board roof, covered with tar and gravel, and that the building so constructed did not conform to the plans except as to the approximate dimensions of the basement; that since the roofing over of the said basement walls the defendants have been living in and using the same as a temporary dwelling; that said building has never been completed and under certain weather conditions is not habitable, at which times the defendants live in a garage building which they had constructed on said premises; that at no time did the defendants procure from the City of Highland Park, pursuant to the ordinances an occupancy permit for the use of temporary buildings on the said premises, as in and by said ordinances provided and that the continued use of said temporary buildings on the said premises since 1924, for a period of in excess of one year, was, at the time of the filing of the bill of complaint and ever since has been, a violation of the provisions of the said ordinances.

"FIFTH: That the said defendants have, in violation of the restrictions of the said ordinances, used the said premises and have conducted a business thereon of general teaming and landscaping, the operation of a poultry yard for profit, the business of raising geese, chickens, guinea fowl and pigeons, and the selling of eggs and poultry, the construction and operation of one room shacks for renting to temporary occupants and the keeping of horses, wagons, scrapers, plows,

tools and building materials in connection with the said business operated by the said defendants, all of which is contrary to and in violation of the provisions of the said ordinances restricting the use of the said premises; that at no time did the defendants lawfully establish a non-conforming use ·within the meaning of Section 8 of the amended ordinances approved March 20, 1926, and that by the acts of the defendants in recognition of the zoning ordinances and the securing of a permit to erect a two story dwelling house on the said premises and the commencing of construction thereof, are estopped from declaring' that they have established a non-conforming use of the premises, pursuant to Section 8 of the said amendment of 1926; that the defendants are subject to the provisions, limitations and restrictions of the ordinance of 1922 and the amendments of 1926, and are using the said premises in violation of the restrictions and limitations contained in said ordinances." The findings as above set forth clearly state the facts in this case.

The plaintiffs in error insist that the court erred in not granting their demand for a trial by a jury. The Zoning Law, Cahill's St. ch. 24, ¶ 524(1) (section 69-a of chapter 24 of Smith-Hurd's Revised Statutes, 1931) provides as follows: "In case any building or structure is erected, constructed, reconstructed, altered, repaired, converted or maintained or any building, structure or land is used in violation of this Act or of any ordinance or other regulation made under authority conferred thereby, the proper local authorities of the municipality in addition to other remedies, may institute any appropriate action or proceedings to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance or use, to restrain, correct, or abate such violation, etc." . . .

In the case of *Parmelee v. Price,* 208 Ill. 544, 558, the question was raised as to whether the defendant in that case was entitled to a trial by a jury. The court passing on this case say, ''Where a new class of cases is directed by the legislature to be tried in chancery, and it appears, when tested by the general principles of equity, that they are of an equitable nature and can be more appropriately tried in a court of equity than in a court of law, the chancellor will have the right, as in other cases in chancery, to determine all questions of fact without submitting them to a jury.'' ''The constitutional provision in question 'introduced no new rule of law, but merely preserved the right already existing. It does not apply to suits in equity, or to any statutory proceeding to be had in courts of equity.' '' The statutory provision of the zoning law expressly provides for a proceeding in equity to restrain and prevent the violation of a zoning ordinance, and it is our opinion that the court did not err in overruling the plaintiffs' in error demand for a jury trial.

The plaintiffs in error insist that they had established a nonconforming use of their property before the zoning ordinances were passed and, therefore, could not be prevented from carrying on the kind of business that they were conducting on their premises. The evidence shows that on the 21st day of March, 1924, the premises in question were legally annexed to the City of Highland Park; that the defendants did not come into possession of their property until the 24th day of March, 1924, at which time they entered into a written contract of purchase for the premises, which were vacant at that time. Shortly after they took possession of the property they made application to the proper authorities of the City of Highland Park for a permit to build a residence on the premises. This permit was granted; the building op-

erations were stopped because the plaintiffs in error were not complying with the building ordinances. The evidence shows clearly that the plaintiffs in error had not established a nonconforming use of these premises prior to the time that the zoning ordinances were passed. They recognized that fact by making application to the defendant in error for permission to erect buildings on the premises.

The plaintiffs in error insist that the zoning ordinances were not properly passed and are therefore invalid. They are not now in a position to raise that question, as in our opinion the stipulation entered into by counsel in the case on the hearing before the master is broad enough to preclude them from now saying that the ordinances were not properly set forth, valid, existing and properly passed as set forth in the bill of complaint. The court did not err in holding that the ordinances were valid and existing ordinances and properly passed by the City of Highland Park.

The main contention of the plaintiffs in error appears to be that the two ordinances passed by the City of Highland Park before the annexation of the territory that embraced the then property did not apply to and become binding upon them, and to their property without some further act on the part of the city. This contention cannot be maintained in view of the many Illinois cases that have passed upon this question. The plaintiffs in error admit that in a case of an ordinance regulating dramshops, telephone service, and the like in a corporate city when property is annexed, then such ordinance *ipso facto* applies to the annexed property, but insist there is a vast difference between that kind of an ordinance and a zoning ordinance. On examination of various authorities we find they do not sustain this contention. In the case of *McGurn v. Board of Education*, 133 Ill. 122, at page 131, the court discusses the question and says: "The annexation

of territory to a municipality does not carry with it the necessity of formulating a code of municipal law for the government of the territory annexed. By becoming a part of the municipality, it is *ipso facto* brought under and made subject to all the laws by which the municipality itself is governed. Those laws extend over and apply to it *ex proprio vigore,* and do not require express legislative action to give them such application. Here, the instant the territory in question became annexed to Chicago, it became a constituent part of the city, and from that instant became subject to the same laws, the same municipal organization and the same polity which the statutes in force had already provided for the government of the city and its institutions." *People v. Chicago Telephone Co.,* 220 Ill. 238; *Emery v. Hennessy,* 331 Ill. 296, 304; *Newbold v. City of Stuttgart,* 145 Ark. 544, 224 S. W. 993. It is our opinion that at the very time the property of the plaintiffs in error became a part of the City of Highland Park, all of the laws and ordinances applicable to the city became binding and in full force and effect on all of the annexed property; and the property was subject to the zoning ordinances in existence at that time.

From an examination of the evidence and photographs of the buildings on the premises there can be no doubt that the plaintiffs' in error property was used in violation of the zoning ordinances and it is our opinion that the court properly found that there was a violation of the ordinances and the City of Highland Park is entitled to the relief as prayed for in the bill. The judgment of the circuit court of Lake county is hereby affirmed.

*Judgment affirmed.*