Cite as 2020 Ark. App. 176

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-19-398

| | |
|---|---|
| TOWN OF SPRINGTOWN, ARKANSAS<br><br>APPELLANT<br><br>V.<br><br>MICHAEL M. EVANS ET AL.<br>APPELLEES | **Opinion Delivered:** March 11, 2020<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CV-17-2127]<br><br>HONORABLE JOHN R. SCOTT, JUDGE<br><br>REVERSED AND REMANDED |

## WAYMOND M. BROWN, Judge

Appellant Town of Springtown, Arkansas (Springtown) appeals the orders of the Benton County Circuit Court denying Springtown's motion for summary judgment and dismissing its appeal and denying Springtown's motion for reconsideration. Springtown contends that the court erred by finding that the Springtown town council properly waived the reading requirement found in Arkansas Code Annotated section 14-55-202[1] when it passed Springtown Ordinance No. 2014-03. We agree and reverse and remand.

The facts of this case are not in issue. The Springtown town council passed the ordinance in question at a meeting on October 10, 2014. At the time of the ordinance's passage, the town council consisted of five members—Amanda Richardson, Linda Taylor,

---

[1](Repl. 1998). In 2017, the statute was amended to add the (a) designation and to add (b); however, for purposes of this appeal, we will refer to the statute as written at the time of the passage of Springtown Ordinance 2014-03.

Lisa "Kay" Taylor, Don Jech, and Chuck Guess—all of whom were present on October 10. The mayor of Springtown, Paul I. Lemke, was also present at the meeting. Mayor Lemke introduced the proposed ordinance. A motion was then made by Richardson and seconded by Linda, to read the ordinance by title only. Linda and Kay abstained,[2] but the other three members—Jech, Richardson, and Guess—voted for the motion. A motion was then made by Kay and seconded by Jech to combine the three ordinance readings into a single reading. Again, Linda and Kay abstained while the other members voted for the motion. Lemke then read the ordinance by title and Richardson made a motion that was seconded by Jech to pass the ordinance. Linda and Kay abstained from the vote and the remaining three members voted for the motion. The ordinance passed and was recorded on November 19. It stated in pertinent part:

> ORDINANCE OF THE TOWN COUNCIL OF THE TOWN OF SPRINGTOWN, ARKANSAS, NARROWING A CERTAIN PLATTED STREET AND VACATING A PORTION OF SUCH STREET.
>
> WHEREAS Ark. Code Ann. § 14-54-303 provides that incorporated towns may alter or change the width of streets, and vacate such portions thereof as may not for the time be required for corporation purposes; and
>
> WHEREAS, it is the desire and intent of the Town Council to change the width of the unnamed street designated on the plat of Dodgen's Addition to the Town of Springtown, now appearing of record in Plat Record "A", Page 78, in the office of the recorder of Benton County, running between Block 5 and Block 6 of Dodgen's Addition, in Section 6, Township 18 North, Range 32 West, from a width of sixty (60) feet to a width of twenty (20) feet extending ten (10) feet from either side of the centerline, and to vacate the remaining portion of such street; and
>
> NOW, THEREFORE, BE IT ORDAINED by the Town Council of the Town of Springtown, Arkansas:

[2]According to the meeting minutes, Linda and Kay abstained because they lived on the street affected.

2

Section 1. The Town of Springtown, Arkansas, narrows the width of the unnamed street designated on the plat of Dodgen's Addition to the Town of Springtown, now appearing of record in Plat Record "A", Page 78, in the office of the recorder of Benton County, running between Block 5 and Block 6 of Dodgen's Addition, in Section 6, Township 18 North, Range 32 West, from a width of sixty (60) feet to a width of twenty (20) feet extending ten (10) feet from either side of the existing centerline of such street

Section 2. The Town of Springtown, Arkansas, releases, vacates, and abandons all its rights, together with the rights of the public generally, in and to that portion of the street designated as follows:

> That portion of the unnamed street designated on the plat of Dodgen's Addition to the Town of Springtown, now appearing of record in Plat Record "A", Page 78, in the office of the recorder of Benton County, running between Block 5 and Block 6 of Dodgen's Addition, in Section 6, Township 18 North, Range 32 West, lying over ten (10) feet from either side of the existing centerline of the street.

Section 3. A copy of this ordinance duly certified by the city clerk or town recorder shall be filed in the office of the recorder of the county and recorded in the deed records of the county.

Section [4]. This ordinance shall take effect and be in force from and after its passage.

Springtown filed a petition for declaratory judgment in October 2017[3] contending that the ordinance was erroneously passed in violation of Arkansas Code Annotated section 14-55-202 after a single reading although only 60 percent, or three-fifths, of the council voted to combine the readings. The petition stated that all the named defendants gained property as a result of the ordinance's passage. It further alleged that Linda and Kay should not have played any role at the meeting when the ordinance was introduced because their

---

[3]The petition listed Michael E. Evans; Bobbie Ogden; Edwin R. Bagby; Elnora Kay Taylor, trustee of the Elnora Kay Taylor Revocable Trust; and Paul I. Lemke as defendants.

mother's property benefited from the ordinance. Springtown also claimed that Lemke owned property that benefited directly from the ordinance. A third amended petition for declaratory judgment was filed on September 14, 2018, naming the current appellees—Michael M. Evans; Lisa Taylor, trustee of the Elnora Kay Taylor Revocable Trust; Paul I. Lemke; Johnny Ray Taylor, trustee of the Taylor Living Trust U/A dated April 20, 2018—as defendants. Springtown sought to have the ordinance declared void. Appellees responded and asked the court to dismiss Springtown's petition.

Springtown filed a motion for summary judgment, accompanying brief, excerpts of the appellees' responses to Springtown's request for admissions, and other documentary evidence on October 23. Separate appellees Evans, Lisa Taylor, and Lemke filed a response on November 14, contending that the ordinance was not subject to the reading requirement found in Arkansas Code Annotated section 14-55-202, and arguing alternatively that if the ordinance was subject to the reading requirement, the three votes in October 2014 were enough to dispense with the requirement. They asked the court to deny Springtown's motion and to grant them costs and other entitled relief. The court held a hearing on Springtown's summary-judgment motion on December 11. At the conclusion of the hearing, the court found that although the ordinance was subject to the reading requirement found in Arkansas Code Annotated section 14-55-202, the ordinance was properly passed with the three members' votes because the other two members were incompetent to vote based on their conflicts of interest. The order denying Springtown's motion for summary judgment and dismissing its petition was filed on December 18, stating in pertinent part:

> 5. It is undisputed that Ordinance No. 2014-03 narrowed and abandoned a certain portion of road within the Town of Springtown.

4

6. It is undisputed that two members of the Town Council had personal interests in the property at issue in Ordinance No. 2014-03 and did not vote on the motion to dispense with the reading requirement or the question of the Ordinance because of their conflict of interest.

7. Ordinance No. 2014-03 was recorded in the County deed records and contains no expiration or end date. It is permanent for the purposes of Ark. Code Ann. § 14-55-202(a) and the statute therefore applies.

8. Pursuant to the holding in Van Hovenburg v. Holeman, 144 S.W.2d 718[,] 201 Ark. 370 (1940), the two members of the Town Council who had personal interests in the property at issue in Ordinance No. 2014-03 were incompetent to vote on the matter. The motion to dispense with the Ark. Code Ann. § 14-55-202[reading requirement] was properly passed by a vote of three voting in the affirmative and no votes in the negative.

9. The Springtown Town Council complied with the requirements of Ark. Code Ann. § 14-55-202 and Ordinance No. 2014-03 was properly adopted.

10. The Petitioner's Motion for Summary Judgment is denied.

11. There are no other issues before the Court in this matter and the Petition is therefore dismissed with prejudice.

Springtown filed a motion for reconsideration and supporting brief on December 19 indicating that the court's reliance on *Van Hovenburg* was misplaced. Appellees filed a response on January 4, 2019, asking the court to deny Springtown's motion.[4] The court set a hearing on the motion for February 14. At the hearing, it was agreed that the motion had

---

[4]Appellees filed a supplemental response and supporting brief on February 13 contending that the motion was deemed denied by operation of law thirty days after it was filed.

5

already been deemed denied by operation of law, and the matter was recessed. Springtown filed a notice of appeal on February 15.[5]

As an initial matter, we must determine whether Springtown can bring an appeal from the court's denial of its summary-judgment motion. The law on summary judgment is well settled. Summary judgment should be granted only where there is no issue of material fact left to be determined, and the moving party is entitled to judgment as a matter of law.[6] All evidence is viewed in the light most favorable to the resisting party.[7] Ordinarily, the denial of summary judgment is not appealable.[8] However, it is appealable when combined with a dismissal on the merits that effectively terminates the proceeding below.[9] Here, the court denied Springtown's summary-judgment motion and dismissed its petition, making the denial appealable.

Springtown argues that the court erred by denying its motion for summary judgment and dismissing its case because Ordinance No. 2014-03 was improperly enacted. Arkansas Code Annotated section 14-55-202 states that "[a]ll bylaws and ordinances of a general or permanent nature shall be fully and distinctly read on three (3) different days unless two-thirds (2/3) of the members composing the municipal council shall dispense with the rule."

---

[5]The court entered an order on February 25 denying Springtown's motion to reconsider based on the fact that it had already been denied by operation of law and closed the matter.

[6]*Po-Boy Land Co. v. Mullins*, 2011 Ark. App. 381, 384 S.W.3d 555.

[7]*Id.*

[8]*Robinette v. Dep't of Fin. & Admin.*, 2011 Ark. 349.

[9]*Id.*

6

Here, the court found that the ordinance in question is permanent. An ordinance is permanent if it endures until repealed.[10] Springtown Ordinance 2014-03 does not state an end date; thus, it is permanent. Based on the language of the statute, a permanent ordinance must be read on three different days, unless two-thirds of the council dispenses with the rule. The question then becomes is the two-third requirement based on the total number of council members as Springtown contends, or is it based on the total number of members competent to vote, as appellees contend. Our supreme court dealt with a similar issue in *Newbold v. City of Stuttgart*.[11] In *Newbold*, the appellant filed an injunction action against the City of Stuttgart, alleging that an ordinance passed by the council extending the city's fire limits was invalid because the council failed to obtain a two-thirds majority when it read the ordinance three times in one day. At issue was section 5481 of Kirby's Digest, a predecessor to the 1998 statute now before us. The statute in Kirby contained the same language as the language found in Arkansas Code Annotated section 14-55-202. In *Newbold*, the court held that the language in the statute was mandatory. It further held that the two-thirds majority requirement referred to those who are elected to the council.

The circuit court relied on *Van Hovenberg v. Holeman*,[12] to support its finding that the reading requirement had properly been dispensed of because the two-thirds requirement referred to members competent to vote on an issue and all competent members voted in

---

[10] *See Adams v. Sims*, 238 Ark. 696, 385 S.W.2d 13 (1964).

[11] 145 Ark. 544, 224 S.W. 993 (1920).

[12] 201 Ark. 370, 144 S.W.2d 718 (1940).

favor of having a single reading of the ordinance. Springtown contends that the circuit court's reliance on *Van Hovenberg* is misplaced. We agree. In *Van Hovenberg*, John W. Holeman, a member of the city council, built a filling station without the necessary permit in the City of Texarkana in violation of a city ordinance requiring that a permit be issued before any filling station was built. Holeman then leased the filling station to an oil company and moved the council to issue a permit to the oil company. When the vote was taken, Holeman and three others voted yes, two voted no, one abstained, and the final member was absent. A challenge to Holeman's vote was sustained, but the city attorney found that the permit was properly issued because a majority of those voting, voted in favor of granting the application. Section 9588 of Pope's Digest stated at the time that "[t]o pass any by-law or ordinance, resolution or order, a concurrence of a majority of a whole number of members elected to the council shall be required." Holeman insisted that a majority of the elected members of the council was not required to grant a permit. In rejecting this contention, our supreme court held that Holeman was incompetent to vote on the matter in which he would directly profit. It further held that without Holeman's vote, a majority of the council did not vote to issue the permit. It reversed and remanded the matter with instructions to issue the injunction. Here, although the circuit court correctly found that based on *Van Hovenberg*, Linda and Kay were incompetent to vote on the ordinance, it erred by finding that the ordinance was properly passed with the three votes.

Based on the holding in *Newbold*, Springtown Ordinance No. 2014-03 had to be read on three separate days unless two-thirds of the elected members of the council voted to dispense with the rule. The Springtown town council consisted of five members in

8

October 2014; thus, four members' votes were needed to properly dispense with the reading requirement for the ordinance. Only three members voted, as the other two abstained due to a conflict and were incompetent to vote on the matter. Three votes were not enough to pass the ordinance after a single reading. Therefore, we hold that the passage of Springtown Ordinance No. 2014-03 was in direct violation of Arkansas Code Annotated section 14-55-202, and as a result, it is void. The circuit court erred by denying Springtown's motion for summary judgment. Accordingly, we reverse and remand with directions to grant Springtown's summary-judgment motion. Because we are reversing and remanding, we need not address Springtown's argument concerning its motion for reconsideration.

Reversed and remanded.

ABRAMSON and GLADWIN, JJ., agree.

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *Sarah L. Waddoups* and *George R. Rhoads*, for appellant.

*Robert S. Tschiemer*, for appellees.

9